IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY DONALD BILINGSLEY, #303088, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:21-CV-410-MHT-CSC |
| ) | [WO] |
| JOSEPH HEADLEY, et al., ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

Jerry Donald Billingsley, a state inmate incarcerated at the Ventress Correctional Facility, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus in which he challenges the constitutionality of a disciplinary he received in May of 2021 for being under the influence of alcohol, narcotics or other intoxicants. Doc. 1 at 1–5.

On July 7, 2021, Respondents filed a response in opposition to the petition in which they argue that Billingsley failed to exhaust his available state court remedies, i.e., filing a petition for writ of certiorari with the Barbour County Circuit Court and, if necessary, invoking the State's appellate review process, prior to filing the petition in this court Doc. 7 at 3–5. Respondents further argue Billingsley's claims entitle him to no relief as no constitutional violation occurred. Doc. 7 at 6–8.

Based on the foregoing, the court entered an order affording Billingsley an opportunity to demonstrate why this petition should not be denied for the reasons set forth

1

by Respondents in their response. Doc. 9. Billingsley has failed to file a response to this order within the time provided by the court.

## II. DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 – including exhaustion of state remedies – apply to" Billingsley's petition. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Billingsley] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to §2254's exhaustion requirement[.]" *Dill*, 371 F.3d at 1302–03. The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In order to properly exhaust his state remedies, a petitioner must fairly present the alleged constitutional violations on which he seeks relief to the appropriate State courts for review, including the State's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999).

The undisputed evidentiary materials filed by Respondents establish that Billingsley has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief. To circumvent the exhaustion requirement attendant to a federal habeas action, a petitioner must demonstrate there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). Billingsley has failed to establish that state court remedies are unavailable or that such remedies are ineffective; instead, the record before the court establishes that such remedies are available and effective. The undersigned does not deem it appropriate to rule on the merits of Billingsley's claims without requiring that he first exhaust available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

In light of the foregoing, the undersigned concludes that Billingsley must first exhaust his available state court remedies on the claims presented herein prior to seeking habeas relief in this court.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be DENIED.

2. The petition be DISMISSED without prejudice to allow Petitioner an opportunity to exhaust available state court remedies.

On or before **September 2, 2021**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal

3

conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of August, 2021.

/s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE